UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOEL ENRIQUE RIVERA PALMA,

        Petitioner,

v.

NATALIE ASHER, Field Office Director,

        Respondent.

CASE NO. C13-1937-JLR-MAT

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Joel Enrique Rivera Palma has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2241, contending, among other things, that his detention without bond by U.S. Immigration and Customs Enforcement ("ICE") violates the Due Process Clause of the Fifth Amendment. Dkt. 3. He asks the Court to direct the Immigration Court and ICE to issue a bond in a reasonable amount. *Id.* at 1. Respondent has moved the Court to dismiss petitioner's habeas petition, asserting that his detention is lawful. Dkt. 8. Petitioner did not respond to the motion to dismiss. Having considered the parties' submissions and the

governing law, the Court recommends that petitioner's habeas petition be DENIED, respondent's motion to dismiss be GRANTED, and this case be DISMISSED with prejudice.

## II. BACKGROUND

Petitioner is a native and citizen of Mexico. Dkt. 9-1 at 2. Petitioner came to the attention of ICE on or about June 19, 2013, after being arrested for Driving Under the Influence. *Id.* at 3. On July 30, 2013, he was released into ICE custody after being convicted and sentenced to time served. *See id.* at 2-3. Also on July 30, 2013, petitioner was served with a Notice to Appear, charging him as subject to removal under 8 U.S.C. § 1182(a)(6)(A)(i) ("An alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible."), and ICE made an initial decision that petitioner would be detained during his removal proceedings. Dkt. 9-1 at 6-7, 11.

Petitioner requested review of this decision, and on September 17, 2013, an Immigration Judge ("IJ") held an individual bond hearing and denied bond, finding petitioner a danger to the community. *Id.* at 14, 16. Petitioner waived appeal to the Board of Immigration Appeals ("BIA"). *Id.* at 14.

On October 28, 2013, petitioner initiated the instant action. *See* Dkt. 1. He remains detained at the Northwest Detention Center pending the completion of his removal proceedings.

## III. DISCUSSION

Petitioner brings this action pursuant to 28 U.S.C. § 2241, which authorizes the district court to grant a writ a habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The record

shows the statutory authority for petitioner's detention is 8 U.S.C. § 1226(a). Dkt. 9-1 at 14, 16. Section 1226(a) provides the framework for the arrest, detention, and release of aliens in removal proceedings. That provision provides the Attorney General with discretionary authority to release an alien on bond or conditional parole pending the completion of removal proceedings. *See id.* Section 1226(a) states in relevant part:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General –
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on –
>
>     (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
>     (B) conditional parole . . .

8 U.S.C. § 1226(a).

When an alien is arrested and taken into immigration custody, ICE makes an initial custody determination, including the setting of bond. *See* 8 C.F.R. § 236.1. After the initial custody determination, the alien may request a bond redetermination by an IJ. *Id.* If the IJ denies bond, the alien may appeal the IJ's bond determination to the BIA. 8 C.F.R. § 236.1.

At the bond hearing, the burden is on the detainee to show to the satisfaction of the IJ that he warrants release on bond. *See Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006). In making a bond decision, an IJ "must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *Id.* An IJ may also consider any number of discretionary factors,

including:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee persecution or otherwise escape authorities, and (9) the alien's manner of entry to the United States.

*Id.*

In this case, the record shows that petitioner received a bond redetermination hearing on September 17, 2013, before an IJ, who reviewed petitioner's custody status and determined that he should remain detained pending completion of his removal proceedings because he is a danger to the community. Dkt. 9-1 at 11, 14, 16. Petitioner waived appeal of the IJ's bond decision to the BIA. *Id.* at 14. Thus, petitioner has received all of the benefits of due process to which he is entitled. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1066 (9th Cir. 2008). In short, he has failed to show that he is being held in violation constitutional or statutory authority.

Petitioner nevertheless argues the denial of a bond violated due process because he is not a flight risk, the IJ abused her discretion in denying bond, and the merits of his case establish that a bond should have been granted. Dkt. 3 at 1-2. These contentions, however, do not establish a due process violation; rather, they merely challenge the IJ's discretionary judgment, which the Court cannot disturb here. *See Prieto-Romero*, 534 F.3d at 1058 ("[An] alien may appeal the IJ's bond decision to the BIA, *see* 8 C.F.R. § 236.1(d), but discretionary decisions granting or denying bond are not subject to judicial review, *see* § 1226(e)."); 8 U.S.C. § 1226(2)

("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.").

Petitioner further complains that the bond hearing should not have been conducted by the same judge who will make the ultimate removal determination. Dkt. 3 at 1-2. However, "there is nothing improper with the same IJ presiding over both the removal and bond proceedings," *Dela Cruz v. Napolitano*, 764 F. Supp. 2d 1197, 1204 (S.D. Cal. 2011) (citing *Joseph v. Holder*, 600 F.3d 1235, 1242 (9th Cir. 2010) (noting "the IJ properly presided over both [the removal and bond] proceedings")). Finally, petitioner maintains that the burden should have been on the government to establish that a bond was not warranted. Dkt. 3 at 1-2. To the contrary, the law is clear that at a bond redetermination hearing, the burden is on the detainee to show he should be granted a bond. *Matter of Guerra*, 24 I&N Dec. at 40; *Matter of Urena*, 25 I&N Dec. 140, 141 (BIA 2009); *see also Zadvydas v. Davis*, 533 U.S. 678, 692 (2001) (noting that during administrative proceedings "the alien bears the burden of proving he is not dangerous").

In sum, although bond was denied, the Court finds that petitioner's procedural due process rights were satisfied. Petitioner received the individualized determination to which he is entitled under § 1226(a). Because petitioner's detention is authorized by 8 U.S.C. § 1226(a) and he has been afforded a proper bond hearing before an IJ, petitioner's claim that his detention without bond is a violation of due process must be denied. *See Demore v. Kim*, 538 U.S. 510, 523, 531 (2003) (aliens may be detained for the brief period necessary for their

removal proceedings).

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's habeas petition be DENIED, Dkt. 3, respondent's motion to dismiss be GRANTED, Dkt. 8, and this matter be DISMISSED with prejudice.

A proposed order accompanies this Report and Recommendation.

DATED this 28th day of January, 2014.

Mary Alice Theiler
Chief United States Magistrate Judge