UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE ENRIQUE RIVERA PALMA,<br><br>Plaintiff,<br><br>v.<br><br>NATALIE ASHER,<br><br>Defendant. | CASE NO. C13-1937JLR<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION |

## I.   INTRODUCTION

Before the court are the Report and Recommendation ("R&R") of Magistrate

Judge Mary Alice Theiler (R&R (Dkt. # 11)), and Petitioner Joel Enrique Rivera Palma's

objections thereto (Objections (Dkt. # 14)).  This is a habeas corpus case.  Mr. Palma is

currently being held in immigration detention by United States Immigration and Customs

Enforcement ("ICE").  (R&R at 1.)  He was arrested for Driving Under the Influence

("DUI"), sentenced to a day in jail, and was thereafter detained in the Federal

Immigration Detention Center.  (*Id.* at 2.)  He requested and was granted a bond hearing,

ORDER- 1

1 | but the Immigration Judge found that he was a danger to the community and denied him

2 | bond.  (*Id.*)  Mr. Palma then filed this habeas petition pursuant to 28 U.S.C. § 2241.

3 | (Mot. (Dkt. # 3).)  In the petition, Mr. Palma challenges the constitutionality of the

4 | immigration bond and detention process, arguing that it violates the equal protection and

5 | due process clauses of the United States Constitution.  (*See id.* at 1-5.)

6 |      Magistrate Judge Theiler recommended that Mr. Palma's petition be dismissed.

7 | (*See* R&R.)  After the Government moved to dismiss and Mr. Palma did not respond,

8 | Magistrate Judge Theiler issued the R&R, which concluded that Mr. Palma raised no

9 | valid arguments and did not establish that his continued detention violated the

10 | Constitution or laws of the United States.  (*See id.* at 2-5.)  As such, Magistrate Judge

11 | Theiler found no basis for habeas relief.  (*See id.*)  Mr. Palma did not timely object to the

12 | R&R, so the court dismissed his petition.  (*See* 2/25/14 Order (Dkt. # 12).)  However, on

13 | the same day, Mr. Palma filed objections, in which he provided more detail and argument

14 | with respect to his due process and equal protection claims.  (*See* Objections.)  In light of

15 | these late-filed objections, the court re-opened the case.  (*See* 2/28/14 Order (Dkt. # 16).)

16 | **II.    STANDARD OF REVIEW**

17 |      A district court has jurisdiction to review a Magistrate Judge's report and

18 | recommendation on dispositive matters.  Fed. R. Civ. P. 72(b).  "The district judge must

19 | determine de novo any part of the magistrate judge's disposition that has been properly

20 | objected to."  *Id.*  "A judge of the court may accept, reject, or modify, in whole or in part,

21 | the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

22 | The court reviews de novo those portions of the report and recommendation to which

ORDER- 2

1   specific written objection is made.  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121

2   (9th Cir. 2003) (en banc).  "The statute makes it clear that the district judge must review

3   the magistrate judge's findings and recommendations de novo if objection is made, but

4   not otherwise."  *Id.*  When no objections are filed, the court need not review de novo the

5   report and recommendation.  *Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005).

6   Because Mr. Palma is proceeding *pro se*, the court must interpret his complaint and

7   objections liberally.  *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir.

8   2003).

9                      **III.    DISCUSSION**

10         In his objections, Mr. Palma concedes that Magistrate Judge Theiler properly sets

11   forth the law governing immigration bond and detention.  (Objections at 1.)  He argues,

12   however, that those laws violate the United States Constitution:  "when it is noted that the

13   law provides sustenance for those who would seek to undermine it, it is the Court's duty

14   to determine the legality of the continuing confinement."  (*Id.* at 1.)  In essence, Mr.

15   Palma contends that the immigration bond and detention laws are not "grounded upon

16   uniformity."  (*Id.* at 1-2.)  By way of argument, he gives several examples of hypothetical

17   detainees (who he claims are based on real people) who were treated differently despite

18   having similar circumstances as Mr. Palma.  (*See id.* at 2-3.)

19         None of Mr. Palma's objections raise any meritorious issues justifying habeas

20   relief.  Mr. Palma's major arguments are addressed in detail in Magistrate Judge Theiler's

21   R&R.  With respect to due process, the reality is that the immigration bond and detention

22   process sets forth a process for detaining immigrants.  (*See* R&R at 3-6.)  Mr. Palma

1   received the benefit of that process, and he presents nothing to corroborate his bare

2   assertion that he was denied due process.  (*See id.*; *see also* Mot.)  With respect to equal

3   protection, Mr. Palma presents no evidence or authority beyond his own allegations that

4   the immigration bond and detention laws have any discriminatory effect on any particular

5   constitutionally-recognized class or that they are not rationally related to a legitimate

6   governmental interest.  To the extent Mr. Palma seeks to assert that there are systemic

7   problems with the immigration detention system as a whole, he has not presented the

8   court with any persuasive authority, evidence, or argument supporting his claim that the

9   entire structure of immigration bond and detention violates the Constitution.  Thus, his

10  objections give the court no reason to doubt that Magistrate Judge Theiler's persuasive

11  conclusions on these issues are correct.  Moreover, the court has thoroughly examined the

12  record before it and finds the Magistrate Judge's reasoning persuasive in light of that

13  record.  The court independently overrules Mr. Palma's objections and ADOPTS the

14  R&R in its entirety.

15        The court also DENIES Mr. Palma a certificate of appealability.  When a district

16  court enters a final order adverse to the applicant in a habeas proceeding, it must either

17  issue or deny a certificate of appealability, which is required to appeal a final order in a

18  habeas proceeding.  28 U.S.C. § 2253(c)(1)(A).  A certificate of appealability is

19  appropriate only where the petitioner makes "a substantial showing of the denial of a

20  constitutional right."  *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003).  Under this

21  standard, the petitioner must demonstrate that reasonable jurists could debate whether the

22  petition should have been resolved in a different manner or that the issues presented were

ORDER- 4

1   adequate to deserve encouragement to proceed further.  28 U.S.C. § 2253; *Slack v.*

2   *McDaniel*, 529 U.S. 473, 474 (2000).  Here, the court finds that reasonable jurists could

3   not debate whether the petition should have been resolved differently and therefore

4   DENIES Mr. Palma a certificate of appealability

5                                          **IV.    CONCLUSION**

6          For the foregoing reasons, the court hereby ORDERS as follows:

7          (1) The court ADOPTS the Report and Recommendation (Dkt. # 11) in its

8   entirety;

9          (2)  The court DISMISSES Mr. Palma's habeas corpus petition; and

10         (3) The court DIRECTS the Clerk to send copies of this Order to Mr. Palma, to

11  counsel for respondent, and to Magistrate Judge Theiler.

12         Dated this 17th day of March, 2014.

13

14

15  _____

        JAMES L. ROBART
16      United States District Judge

17

18

19

20

21

22

ORDER- 5